IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **JOHN SWIGART,** | CASE NO. 3:24 CV 870 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **ERIE COUNTY, et al.,** | MEMORANDUM OPINION AND ORDER |
| Defendants. | |

### INTRODUCTION

Currently pending before the Court in this civil rights case are two related motions. First is Defendant Erie County's Motion for Judgment on the Pleadings. (Doc. 22). Second is Plaintiff John Swigart's Motion for Leave to Amend Complaint *Instanter* (Doc. 24). Both motions are fully briefed and decisional. Jurisdiction is proper under 28 U.S.C. § 1331. For the reasons set forth below, the Court grants Plaintiff's Motion for Leave to Amend and denies as moot Erie County's Motion for Judgment on the Pleadings.

### BACKGROUND

Plaintiff filed his Complaint on May 15, 2024, naming as Defendants Erie County, Michael Kennedy, and Peter Schade. (Doc. 1).

Plaintiff's suit arises out of a January 2024 incident, during which he was arrested "[w]hile standing on public property outside of a government-led COVID vaccine initiative" while handing out literature to drivers.[1] (Doc. 1, at 2-4). Defendant Kennedy is the Erie County, Ohio Sheriff's Deputy who arrested Plaintiff. *Id.* at 2, 7. Defendant Schade is the Health

---

1. Plaintiff was standing on the island of a traffic roundabout. (Doc. 1, at 4).

Commissioner of Erie County. *Id.* at 2. Both individual Defendants were sued in their official and individual capacities. *Id.* at 2-3. Plaintiff brought First and Fourth Amendment claims, as well as a battery claim. *Id.* at 9-14.

Kennedy and Erie County ("County Defendants") filed a joint Answer on July 9, 2024. (Doc. 5). Schade answered separately on July 17, 2024. (Doc. 6). In their Answer, the County Defendants admitted Deputy Kennedy is an employee of the Erie County Sheriff's "Office," but denied there is an Erie County Sheriff's "[D]epartment" as asserted in the Complaint and that Kennedy is capable of being sued in his "official capacity" as "he is not an official policymaker." (Doc. 5, at 2). They further denied the Erie County Health Department is an Erie County agency. *Id.* ("Defendants object to the collective terminology 'Defendants.' The Erie County Sheriff's Office provides security at the Erie County Health Department, but the Erie County Health Department is not an agency of Erie County. Rather, it is a separate body politic operating under certain provisions of the Ohio Revised Code and the Ohio Administrative Code in the geographic territory of Erie County, Ohio."). These Defendants also asserted in their Sixth Affirmative Defense that "Erie County is not *sui juris*, and is not a proper defendant to the case." (Doc. 5, at 14).

At a September 9, 2024, case management conference, the Court[2] set the deadline for pleading amendments as November 15, 2024. At that same case management conference, the parties agreed to set an initial settlement conference for January 2025. The parties engaged in settlement negotiations through early-February 2025.

---

2. This case was originally assigned to District Judge James G. Carr. It was reassigned to the undersigned on February 4, 2025.

Erie County filed the currently-pending Motion for Judgment on the Pleadings on May 27, 2025 (Doc. 22); Plaintiff filed his opposition and related Motion to Amend *Instanter* on June 17, 2025 (Doc. 24).

**STANDARD OF REVIEW**

Rule 12(c) motions for judgment on the pleadings are subject to the same standard as a Rule 12(b)(6) motion to dismiss. *JP Morgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581-82 (6th Cir. 2007). The pleadings must demonstrate sufficient factual matter that, when taken as true, states a claim which is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Legal conclusions and unwarranted factual inferences are not entitled to a presumption of truth. *Twombly*, 550 U.S. at 555 (a "formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss). And "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**DISCUSSION**

Motion for Judgment on the Pleadings

Erie County moves for judgment on the pleadings on grounds that it lacks capacity to be sued. (Doc. 22). In his initial opposition, Plaintiff stated he "does not dispute that Ohio law requires counties to be sued through their board of commissioners." (Doc. 23, at 1). He argued instead that "in effect," he had "already sued Erie County in the proper manner" by naming Kennedy and Schade in their official capacities. *Id.* He further argued, "[e]ven assuming a

3

technical defect exists" in his Complaint naming Erie County rather than the Erie County Board of Commissioners, such a defect could be "easily remedied" by an amendment. *Id.* Erie County replied in support of judgment on the pleadings (and opposed amendment). (Doc. 25). Plaintiff then submitted a Notice of Supplemental Authority, citing cases to support the proposition that an Ohio county's lack of *sui juris* status does not prevent it from being sued under § 1983. (Doc. 28). Plaintiff also requested the Court hold the motion in abeyance pending a determination on his Motion for Leave to Amend. (Doc. 23, at 1).[3]

"Despite the lack of a textual hook in Rule 12, 'courts generally agree that a party may assert its lack of capacity to be sued in a Rule 12(b)(6) motion to dismiss.'" *Lovelo v. Clermont Cnty. Sheriff's Off.*, 2023 WL 8828008, at *2 (S.D. Ohio) (quoting *Pipeline Prods., Inc. v. S&A Pizza, Inc.*, 2022 WL 584661, at *2 (W.D. Mo.) (collecting cases)). And because Rule 12(c) motions for judgment on the pleadings are subject to the same standard as Rule 12(b)(6) motions to dismiss, *Winget*, 510 F.3d at 581-82, it follows that a party may also assert lack of capacity in such a motion.

The Federal Civil Rules require that an action "must be prosecuted in the name of the real party in interest" and that a party's "capacity to sue or be sued" is determined "by the law of the state where the court is located." Fed. R. Civ. P. 17(a), (b)(3). These rules apply to claims brought pursuant to § 1983. *See Lopez v. Foerster*, 2022 WL 910575, at *6 (6th Cir.) ("[Section] 1983 does not change basic procedural rules permitting only 'juridical' entities to sue and be sued."). "Whether a governmental body has a separate legal existence allowing it to be sued in its own name generally turns on the law of the state that established the body." *Id.* (first citing Fed. R. Civ. P. 17(b)(3)(A); and then citing 6A Charles A. Wright et al., *Federal Practice &*

---

3. The parties also fully briefed Plaintiff's Motion for Leave to Amend Complaint *Instanter*. That motion is discussed *infra*.

4

*Procedure* § 1562, at 618-19 (3d ed. 2010)); *see also Tysinger v. Police Dep't of Zanesville*, 463 F.3d 569, 572 (6th Cir. 2006). The Sixth Circuit "thus ha[s] held that several different types of § 1983 defendants were not suable entities under the relevant state's law." *Lopez*, 2022 WL 910575, at *6 (citing caselaw holding a county police department, county drug task force, and city law department were not suable entities under state law).

Ohio law separates counties into three categories: chartered, alternative form of government, or unchartered. "Every county adopting a charter or an alternative form of government is a body politic and corporate . . . [and] [s]uch county is capable of suing and being sued, pleading and being impleaded." Ohio Rev. Code § 301.22; *see Estate of Fleenor v. Ottawa Cnty.*, 208 N.E.3d 783, 786 (Ohio 2022). Unchartered counties on the other hand, the Ohio Supreme Court held, are simply territorial divisions of the state and not "vested with a single attribute of sovereignty." *Fleenor*, 208 N.E.3d at 786 (internal quotation and citation omitted). Accordingly, under Ohio law, unchartered counties cannot be sued in their own name as a separate entity. *Id.*; *see also* Ohio Rev. Code § 301.22. Instead, in cases against unchartered counties, litigants must sue the board of county commissioners, which has the capacity to sue and be sued. *Fleenor*, 208 N.E.3d at 786 (citing Ohio Rev. Code § 305.12). Erie County is not a chartered county. *See Local Government*, https://ohio.gov/government/resources/local-government (last visited Nov. 10, 2025) (listing only Cuyahoga and Summit Counties as chartered counties).

Ohio District Courts are split, however, on whether an unchartered Ohio County may be sued under § 1983 specifically. *Compare Lovelo v. Clermont Cnty. Sheriff's Off.*, 2023 WL 8828008, at *3 (S.D. Ohio) ("Based on straightforward application of Ohio law then, the Court concludes that neither Clermont County nor the Clermont County Sheriff's Office is a juridical

entity that is capable of suing or being sued. Because they lack the requisite capacity to be sued, the Court must dismiss the claims against them.") and *Schee v. Ottawa Cnty.*, 2025 WL 580996, at *4 (N.D. Ohio) ("Unchartered counties must be sued through the county board of commissioners. Plaintiff did not do so and, therefore, I dismiss Ottawa County from this litigation.") (citation omitted), *with Stack v. Karnes*, 750 F. Supp. 2d 892 (S.D. Ohio 2010) (finding that Ohio Rev. Code § 301.22 does not affect Franklin County's amenability to suit on a *Monell* claim because immunity from suit under state law is not determinative of immunity from suit under the Eleventh Amendment) and *Turner v. City of Toledo*, 671 F. Supp. 2d 967, 970-74 (N.D. Ohio 2009) (stating a county's *sui juris* status, or lack thereof, does not preclude a lawsuit brought under § 1983 based on similar reasoning to that in *Stack*) and *Sanford v. Cnty. of Lucas*, 2009 WL 723227, at *3 (N.D. Ohio) (holding Lucas County can be sued under § 1983). This issue remains unsettled, with the Sixth Circuit not having directly confronted it. *Compare Petty v. Cnty. of Franklin*, 478 F.3d 341, 347-48 (6th Cir. 2007) (implying that a non-juridical Ohio County may be sued on a *Monell* claim), *with Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997) (implying an Ohio County must meet the dictates of § 301.22 to be subject to a *Monell* claim); *see also Lopez*, 2022 WL 910575, at *6 ("Even for local governments, however, § 1983 does not change basic procedural rules permitting only 'juridical' entities to sue and be sued. Whether a governmental body has a separate legal existence allowing it to be sued in its own name generally turns on the law of the state that established the body.").

      This Court need not wade into this unsettled area of the law because, as set forth below, particularly given this unsettled nature of the law, it finds it is appropriate to allow Plaintiff to amend here.

6

Motion for Leave to Amend

In conjunction with his response to Erie County's Motion, Plaintiff filed a Motion for Leave to Amend Complaint *Instanter*. (Doc. 24). Defendants oppose (Docs. 26, 30), and Plaintiff replies (Docs. 29, 31). Plaintiff seeks leave to amend his Complaint to name the Erie County Board of Commissioners in place of Erie County, as well as name the Erie County Health District, which he asserts he has learned through discovery "is a legally distinct entity from the County and the Board of Commissioners." (Doc. 24, at 3).[4]

Two Federal Civil Rules govern pleading amendments. First, Rule 15 provides that a party may amend its pleading once as a matter of course within 21 days of service of a responsive pleading. Fed. R. Civ. P. 15(a)(1)(B). In all other cases, amendments require the opposing party's consent or the court's leave. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.*; *Brown v. Chapman*, 814 F.3d 436, 442-43 (6th Cir. 2016) ("[T]he rule embodies a 'liberal amendment policy.'") (quoting *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)). The factors to consider in determining whether to permit an amendment include: "the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001). A district court enjoys "considerable discretion" in determining whether leave should be granted. *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010).

Second, however, Rule 16's case management schedule, which includes a deadline for amended pleadings, may only be modified for good cause. Fed. R. Civ. P. 16(b)(4). "[W]hen a

---

4. County Defendants point out in response that they specifically identified the Health District issue in their Answer. *See* Doc. 25, at 5; Doc. 5, at 2.

party seeks to amend its pleadings or join additional defendants after the expiration of scheduling order deadlines, it must show good cause under Rule 16(b)." *Garza v. Lansing Sch. Dist.*, 972 F.3d 853, 879 (6th Cir. 2020). Once a scheduling order's deadline passes, therefore, a party must *first* show good cause under Rule 16(b) for the failure to seek leave to amend prior to the scheduling order's deadline before a Court will consider whether amendment is proper under Rule 15(a). *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). The Court must also make a determination of the potential prejudice to the nonmoving party when deciding whether to allow amendment. *Id.*

*Good Cause Under Rule 16*

Plaintiff bears the burden to demonstrate good cause under Rule 16. Parties "can demonstrate 'good cause' for their failure to comply with the original schedule . . . by showing that despite their diligence they could not meet the original deadline." *Id.* at 907; *see also Marcilis v. Twp. of Redford*, 693 F.3d 589, 597 (6th Cir. 2012) ("A court asked to modify a scheduling order for good cause 'may do so only if [a deadline] cannot reasonably be met despite the diligence of the party seeking the extension.'") (quoting *Leary*, 349 F.3d at 906); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) ("The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements") (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)).

Plaintiff's initial argument regarding amendment stumbles out of the blocks because it is based solely on Rule 15. *See* Doc. 24, at 3-5. But the deadline for amending the pleadings was November 15, 2024. Because Plaintiff's Motion to Amend was filed on June 17, 2025, he must first pass through Rule 16's "good cause" gateway. Nevertheless, given the parties early focus on settlement, the unsettled legal landscape on the issue of whether an unchartered Ohio county may

8

be sued under § 1983 described above, and the lack of binding authority from the Sixth Circuit, the Court finds Plaintiff has good cause to amend. *See, e.g.*, *Shank v. Carleton Coll.*, 329 F.R.D. 610, 615 (D. Minn. 2019) (explaining that an "unsettled, changing legal landscape" may create good cause within the meaning of Rule 16); *SE Prop. Holdings, LLC v. McElheney*, 2021 WL 9181838, at *4 (N.D. Fla.) ("Rule 16 does not require clairvoyance."); *see also Turner*, 671 F. Supp. 2d at 972 ("Even if Lucas County's motion were to be granted, the Plaintiff . . . would be permitted to amend her complaint to substitute the county commissioners.").[5]

*Rule 15 Factors*

Having determined good cause exists to modify the scheduling order, the Court turns to the Rule 15 factors. The Court finds that on balance, these factors favor permitting amendment.

Although there is some delay here, the Court finds it is not undue delay, particularly given the parties' early efforts toward resolution. And Courts have interpreted Rule 15(a) "as setting forth a 'liberal policy of permitting amendments to ensure the determination of claims on their merits.'" *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (quoting *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987)). Under this liberal standard, "[d]elay by itself is not sufficient reason to deny a motion to amend." *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998).

---

5. Although Defendants contend that leave to amend "has been denied by another District Court in this exact factual setting," (Doc. 26, at 3) (citing *Meade v. Lorain Cnty.*, 707 F. Supp. 3d 728, 735-36 (N.D. Ohio 2023)), the Court finds *Meade* distinguishable. First and most importantly, *Meade* did not involve a § 1983 claim and in fact distinguishes cases allowing suit against counties in other circumstances: "Section 1983 differs in material respects from the FMLA." *Id.* at 737. Second, the timing in *Meade* cuts strongly against the plaintiff in that case. There, Defendants asserted the defense in their answer, and moved for judgment on the pleadings six weeks *before* the deadline for pleading amendments. *Id.* at 735-36. The *Meade* court emphasized that "[r]ather than seek leave to add a different or additional party by the deadline, Plaintiff chose to stand on the complaint as drafted." *Id.* at 736. Here, Defendants asserted the defense in their Answer, but did not move for judgment on the pleadings until many months later, after participating in settlement negotiations. And in contrast to *Meade*, Plaintiff here immediately moved for leave to amend in response to the motion.

9

And permitting amendment furthers the goal of a merits determination. This case remains in relatively early stages, with depositions having just begun. As to the other Rule 15 factors, the Court finds the proposed amendment would not be futile, and there has not been any bad faith, repeated failure to cure by previous amendments, lack of notice, or undue prejudice. As such, the Court grants Plaintiff's Motion for Leave to Amend *Instanter* and denies as moot Erie County's Motion for Judgment on the Pleadings.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Motion for Leave to Amend Complaint *Instanter* (Doc. 24), be and the same hereby is, GRANTED. Plaintiff shall file the Amended Complaint separately on the docket on or before November 12, 2025; and it is

FURTHER ORDERED that Defendant Erie County's Motion for Judgment on the Pleadings (Doc. 22) be, and the same hereby is, DENIED as moot.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: November 10, 2025